IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYREE LAWSON, | ) | |
| Plaintiff, | ) | Civil Action No. 1:15-cv-00141 |
| | ) | |
| v. | ) | |
| | ) | |
| BRENDA HAUPT, | ) | Magistrate Judge Susan Paradise Baxter |
| Defendant. | ) | |

# MEMORANDUM OPINION[1]

Presently pending before this Court are cross motions for summary judgment. ECF No. 15; ECF No. 21. Also pending before this Court is a motion for sanctions filed by Plaintiff, which will be addressed by separate Order filed this date.

### A. Plaintiff's Allegations

Plaintiff Tyree Lawson, acting *pro se*, initiated this civil rights action on June 4, 2015. ECF No. 3, Complaint. Plaintiff alleges that, during a period of incarceration at the State Correctional Institution at Forest ("SCI-Forest"), Defendant, Brenda Haupt, retaliated against him after he exercised his First Amendment rights to file a grievance.

From March through December 2014, Plaintiff was housed in the I-Unit of the prison. Throughout Plaintiff's filings, Plaintiff claims that SCI-Forest's I-Unit is an "honor" or "privileged" housing unit. ECF No. 3, Complaint, ¶1; ECF No.14, Plaintiff's Pretrial Statement, ¶ I; ECF No. 20, Plaintiff's Responsive Concise Statement, ¶ 4, 7, 9, 18, 24-25, 39; ECF No. 22,

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

1

Plaintiff's Brief in Support of Counter Motion for Summary Judgment. Plaintiff contends that the F-Unit, to which he was transferred, is known throughout the prison to be a "problematic" unit and contains mostly "problematic inmates." ECF No. 3, ¶ 6; ECF No. 20, ¶ 16.

On October 27, 2014, Plaintiff filed Grievance No. 533411 regarding his dental treatment. At that time, Defendant was assisting the grievance coordinator in processing grievances. Defendant processed Plaintiff's grievance, assigned it a grievance number, and referred it to the appropriate department for investigation and response. ECF No. 17, Defendant's Concise Statement of Undisputed Material Facts, ¶¶ 36-38; ECF No. 20, ¶¶ 36-38. Thereafter, Plaintiff's grievance was denied and he appealed on December 4, 2014.

The same day as Plaintiff filed his appeal Plaintiff was transferred to F-Unit. Plaintiff specifically alleges that "in response" to his filing of the appeal to the facility manager, Defendant Haupt "summoned Plaintiff" and "instructed Plaintiff to pack all of his property and move to F-Unit." ECF No. 3, ¶¶ 4-5. Plaintiff claims this transfer was a direct retaliatory action for Plaintiff's filing of grievances and appeal.

**B. Standards of Review**

    1.    *Pro Se* **Litigants**

*Pro se* pleadings, however inartfully pleaded, "must be held to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982). Under our liberal pleading rules, during the initial stages of

2

litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), overruled on other grounds by Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001); See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2. Motion for Summary Judgment Pursuant to Rule 56

Rule 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 258, 460-61 (3d Cir. 1989)(the non-movant must present affirmative evidence-more than a scintilla but less than a preponderance-which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories, and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. The non-moving party "must present

more than just bare assertions, conclusory allegations, or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at *1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### C. Retaliation

It is well-settled that "[g]overnment actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) quoting Allah v. Seiverling, 229 F.3d 220, 224-24 (3d Cir. 2000).

In order to state a *prima facie* case of retaliation, a prisoner plaintiff must show:

1) The conduct in which he was engaged was constitutionally protected;
2) He suffered "adverse action" at the hands of prison officials; and
3) His constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002) quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). It is Plaintiff's burden to establish the three elements of a *prima facie* retaliation claim.

The filing of grievances or a lawsuit satisfies the constitutionally protected conduct prong of a retaliation claim. Rauser, 241 F.3d at 333; Milhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981).

4

To show the "adverse action" necessary to fulfill the second prong, the prisoner plaintiff must demonstrate that defendants' action were "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Allah v. Al-Hafeez, 208 F.Supp.2d 520, 535 (E.D. Pa. 2002) quoting Allah v. Seiverling, 229 F.3d at 225.

To satisfy the third prong of his retaliation claim, the plaintiff must show a causal connection between his constitutionally protected activity of filing complaints and grievances and the adverse action he allegedly suffered at the hands of the defendants. "To establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Lauren W. v. DeFlaminis, 480 F.3d 259, 267-68 (3d Cir. 2007). "In the absence of that proof the plaintiff must show that from the 'evidence gleaned from the record as a whole' the trier of the fact should infer causation." Id. quoting Farrell v. Planters Lifesavers Co., 206 F.3d 271, 281 (3d Cir. 2000). The Third Circuit has emphasized that courts must be diligent in enforcing these causation requirements Id.

Following the satisfaction of the initial burden, the burden then shifts to the defendants to demonstrate, by a preponderance of the evidence, that their actions would have been the same, even if plaintiff were not engaging in the constitutionally protected activities. Carter, 292 F.3d at 158. At this stage, "the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334. The Third Circuit has specifically recognized "that the task of prison administration is difficult, and that courts should afford deference to decisions made by prison officials who possess the necessary expertise." Id.

5

**D. Defendant's Motion for Summary Judgment**

Defendant moves for summary judgment arguing that Plaintiff has failed to meet his burden on the second and third prongs of his retaliation claim. Defendant also argues that her actions would have been the same regardless of whether Plaintiff filed a grievance.

First, Defendant argues that Plaintiff has not established that he suffered the requisite adverse action. Generally, prisoners do not have a constitutional right to placement in any particular prison, security classification, or to any particular housing assignment. Keeling v. Barrager, 2014 WL 1338077, at *6 (M.D. Pa. Apr. 3, 2014). The decision where to house inmates is at the core of prison administrators' expertise. McKune v. Lile, 536 U.S. 24, 39 (2002). Even though Plaintiff would not have any constitutional right to a particular housing assignment, his retaliation claim is not foreclosed. See DeWalt v. Carter, 224 F.3d 607, 613 (7th Cir. 2000). Here, Plaintiff maintains that I-Unit is an "honor" or "privileged" housing unit and when Defendant transferred him to another Unit, it constituted an adverse action. However, Plaintiff does not explain what additional benefits or privileges the I-Unit offers that would not otherwise be available in other housing units. Therefore, Plaintiff has failed to meet his burden to establish that he suffered an adverse action.[2]

Next, Defendant claims that Plaintiff has failed to establish the causation element of his *prima facie* case. Both parties agree that Defendant processed Plaintiff's initial grievance on October 27, 2014. Additionally, both parties agree Defendant briefly reviewed the grievance,

---

[2] Plaintiff need not be given the opportunity to amend his complaint under Fed.R.Civ.P. 15 to more fully allege adverse action as such an amendment would be futile because Defendant has established that she would have transferred Plaintiff absent his filing of the grievance or appeal. See Fed.R.Civ.P. 15(a)(2) ("the court should freely give leave [to amend] when justice so requires.").

6

allocated a grievance number, and assigned the grievance to the appropriate department. ECF No. 17, ¶¶ 36-38; ECF No. 20, ¶¶ 36-38. It is at this point where the parties disagree factually. ECF No. 17, ¶¶ 41-42; ECF No. 18-1, Declaration of Brenda Haupt, ¶¶ 10-12; ECF No. 20, ¶ 41-42. In particular, there are discrepancies on how the Superintendent received Plaintiff's grievance appeal and whether Defendant knew about the appeal. Such material issues of fact preclude summary judgement.

Finally, Defendant argues that her actions would have been the same, even if Plaintiff had not engaged in a constitutionally protected activity. In this regard, Defendant has produced evidence that she would have transferred Plaintiff off the I-unit even if he did not file a grievance or appeal. In particular, Defendant testifies that SCI-Forest gives first priority to I-Unit housing to inmates who are eligible for outside clearance ("R" clearance), and others who, based on institutional need, are appropriate for level 2 housing, which includes maintenance workers, certain dietary workers, and commissary workers. ECF No. 18-1, Declaration of Brenda Haupt, ¶ 3. Inmate Employment Office determines these inmate designations and clearances. ECF No. 18-1, ¶ 5. Therefore, once the Inmate Employment Office identifies individuals who fit these criteria, Defendant will begin the transfer process with current I-Unit inmates in order to make room for the incoming inmates. Id.

In terms of housing logistics, the majority of inmate transfers are scheduled days in advance. Id. In particular, Inmate Employment Office advises Defendant of a list of all inmates with the appropriate clearances or work assignments who will need housing in I-Unit. Id. at ¶¶ 3, 5. Defendant will then collect a list of inmates without such clearance and send that list back to the Inmate Employment Office. Id. at ¶ 8. From there, Defendant contends she has no knowledge or authority to direct where the departing I-Unit inmates will go. Id.

7

In response to Defendant's evidence, Plaintiff argues that the absence of a formal policy that directs SCI-Forest staff how to house their inmates is proof that Defendant retaliated against him. However, the lack of a formal policy does not refute the evidence provided by Defendant. Therefore, Defendant has satisfied her burden by showing that she would have taken the same action absent Plaintiff's protected conduct.

For the reasons set forth above, Defendant's motion for summary judgment [ECF No. 15] will be granted and Plaintiff's counter motion for summary judgment [ECF No. 21] will be denied.

An appropriate Order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge