IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| TYREE LAWSON, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | Civil Action No. 1:15-cv-00141 |
| | ) | |
| v. | ) | |
| | ) | |
| BRENDA HAUPT, | ) | Magistrate Judge Susan Paradise Baxter |
| Defendant. | ) | |

# MEMORANDUM OPINION

### On Tyree Lawson's Motion for Reconsideration

Magistrate Judge Susan Paradise Baxter

Presently pending before this Court is Plaintiff's motion requesting that this Court correct and/or amend the ruling [ECF No. 34] in which it concluded Defendant's motion for summary judgment be granted. In particular, Plaintiff argues this Court erred in finding that Plaintiff failed to meet the requisite elements to his retaliation claim.

*Rule 59(e)*

Rule 59(e) is "a device [] used to allege legal error." United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003). "'Because federal courts have a strong interest in finality of judgments,'" "[m]otions for reconsideration under [the Rule] … are granted sparingly." Jacobs v. Bayha, 2011 WL 1044638, at *2 (W.D. Pa. Mar. 18, 2011) quoting Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). This Rule may only be used to correct manifest errors of law or fact or to present newly discovered evidence. See Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010). To prevail under this rule, the moving party bears a heavy burden to demonstrate one of the following: (1) an

intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. Lazardis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Here, Plaintiff's motion is based on the need to correct a clear error of law or fact. Plaintiff's burden is especially heavy in this regard. "[A] mere disagreement with the court does not translate into a clear error of law." Mpala v. Smith, 2007 WL 136750, at *2 (M.D. Pa. Jan. 16, 2007). Therefore, in order to be successful, Plaintiff must show that "dispositive factual matters or controlling decisions of law were brought to the courts attention but not considered." P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F.Supp.2d 349, 353 (D.N.J. 2001) (internal quotations and citations omitted). But, under this rule, a party may not re-litigate issues the Court has already decided, nor should parties make additional arguments which should have been made prior to judgment. See Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995) (holding that a motion for reconsideration based upon a new, alternative theory was "a classic attempt at a 'second bite at the apple'").

Plaintiff attempts to reargue the facts of his case in an effort to more fully establish his burden that Defendant retaliated against Plaintiff. However, Plaintiff does not provide any new material evidence that was not previously available to the Court. Plaintiff's motion is solely an attempt to re-litigate a point of disagreement between the Court and Plaintiff. Therefore, Plaintiff's motion does not alter the Court's decision to grant Defendant's motion for summary judgment.

Moreover, this Court noted in its Memorandum Opinion [ECF No. 33] that an opportunity to amend Plaintiff's complaint would be futile. Specifically, Defendant produced

evidence that showed she would have taken the same action absent Plaintiff's protected conduct. Plaintiff failed to provide any arguments that refute the evidence provided by Defendant. Thus, whether Plaintiff can satisfy his *prima facie* case for retaliation would ultimately be immaterial to this Court's final decision.

Therefore, this Court's conclusion was not clear legal error and, as such, the motion for correction or amendment is denied.

An appropriate Order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYREE LAWSON,** | ) | |
|     Plaintiff, | ) | Civil Action No. 1:15-cv-00141 |
| | ) | |
|     v. | ) | |
| | ) | |
| **BRENDA HAUPT,** | ) | Magistrate Judge Susan Paradise Baxter |
|     Defendant. | ) | |

## **ORDER**

AND NOW, this 24th day of October, 2016;

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration through amendment [ECF No. 37] is DENIED.

                                              /s/ Susan Paradise Baxter
                                              SUSAN PARADISE BAXTER
                                              United States Magistrate Judge